IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| CHRISTOPHER BENJAMIN, #1372371 | § | |
| VS. | § | CIVIL ACTION NO. 6:12cv10 |
| LT HARDIN, ET AL. | § | |

MEMORANDUM OPINION AND ORDER
DENYING APPELLANT'S MOTION TO PROCEED *IN FORMA PAUPERIS* ON APPEAL

Came on for consideration, Appellant Christopher Benjamin's motion for leave to proceed *in forma pauperis* on appeal (docket entry #19) from the dismissal of his civil rights lawsuit and entry of judgment against him. Title 28 U.S.C. § 1915(a)(3) states that leave to proceed on appeal *in forma pauperis* shall be denied if the district court determines that the appeal is not taken in "good faith" (*i.e.*, if the appeal fails to present a nonfrivolous issue). *Coppedge v. U.S.*, 369 U.S. 438, 445, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962); *United States v. Benitez*, 405 Fed. Appx. 930, 930 (5th Cir. 2010) (per curiam). An action is frivolous where there is no arguable legal or factual basis for the claim. *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989); *United States v. Pineda-Arrellano*, 492 F.3d 624, 630 (5th Cir. 2007), *cert. denied*, 552 U.S. 1103, 128 S. Ct. 872, 169 L. Ed. 2d 737 (2008). Similarly, under Fed. R. App. P. 24(a)(3)(A), the Appellant is ineligible for *in forma pauperis* status if the Court certifies that the appeal is not taken in "good faith." If the district court finds no "legal points arguable on the merits," then an appeal is not taken in "good faith." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983), *reh'g denied*, 719 F.2d 787 5th Cir. 1983); *see also Wai Leung Chu v. United States*, 353 Fed. Appx. 952, 953 (5th Cir. 2009) (per curiam); *Groden v. Kizzia*, 354 Fed. Appx. 36, 36 (5th Cir. 2009) (per curiam); *Walton v. Valdez*, 340 Fed. Appx. 954, 955 (5th Cir. 2009) (per curiam).

For the reasons stated in the Report and Recommendation of the Magistrate Judge (docket entry #9), adopted by the undersigned (docket entries #12, 13), the Court certifies that the

Appellant's appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3)(A); *Baugh v. Taylor*, 117 F.3d 197, 202 n.21 (5th Cir. 1997) (to comply with Rule 24 and to inform the Court of Appeals of the reasons for its certification, a district court may incorporate by reference its order dismissing an appellant's claims). It is accordingly

**ORDERED** that the motion for leave to proceed *in forma pauperis* on appeal (docket entry #19) is **DENIED**.

Although this Court has certified that the appeal is not taken in good faith under 28 U.S.C. § 1915(a)(3) and Fed. R. App. P. 24(a)(3)(A), the Appellant may challenge this finding pursuant to *Baugh v. Taylor*, by filing a separate motion to proceed *in forma pauperis* on appeal with the Clerk of Court, U.S. Court of Appeals for the Fifth Circuit, within 30 days of this order. *Baugh*, 117 F.3d at 202. The cost to file a motion to proceed on appeal with the Fifth Circuit is calculated below, and if the Appellant moves to proceed on appeal *in forma pauperis*, the prison authorities will be directed to collect the fees as calculated in this order.

Christopher Benjamin, #1372371, submitted an application with a trust fund account data sheet stating he received average deposits of $108.35 over the previous six months and carried an average balance of $574.57 over the previous six months in his trust account, which carries a current balance of $494.84. Therefore, he will be assessed an initial partial filing fee of $114.91. Nonetheless, that does not relieve the Plaintiff of the responsibility of paying the balance of the $455.00 filing fee or any partial fees connected therewith, unless and until the Court directs otherwise, regardless of the disposition of the appeal.

The Appellant shall pay the remaining $340.09 filing fee in periodic installments as funds become available. The Appellant is required to make payments of 20% of the preceding month's income credited to his inmate trust fund account until Appellant has paid the total filing fee of $455.00. The agency having custody of the prisoner shall collect this amount from the trust fund account or institutional equivalent, when funds are available and when permitted by 28 U.S.C. § 1915(b)(2), and forward it to the clerk of the district court.

If the Appellant moves to proceed on appeal *in forma pauperis*, the clerk shall mail a copy of this order to the inmate accounting office or other person(s) or entity with responsibility for collecting and remitting to the district court interim filing payments on behalf of prisoners, as designated by the facility in which the prisoner is currently or subsequently confined.

**It is SO ORDERED.**

**SIGNED this 27th day of August, 2012.**

_____
MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE